UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 05-369 (JR) |
| | : | |
| NEHRON HUBBARD, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following memorandum in aid of sentencing.  For the reasons set out below, and any that may be advanced at a sentencing hearing in this case, the Government maintains that a sentence within the Guidelines range would be reasonable in this matter.

**FACTUAL BACKGROUND**

On February 8, 2006, Defendant Nehron Hubbard pleaded guilty to a violation of 18 U.S.C. § 922(g)(1) in this case.  At the plea hearing, the parties agreed on the following facts.  On August 13, 2005, at approximately 9:30 p.m., Defendant Hubbard was walking in the 400 block of Sixteenth Street, N.E., in Washington, D.C., with a Titan .38 caliber special revolver (serial number 0080338), which was loaded with three rounds of .38 caliber special ammunition, in his waistband.  Defendant Hubbard knew that he was carrying the Titan .38 caliber special revolver (serial number 0080338) and the three rounds of .38 caliber special ammunition.  The Titan .38 caliber special revolver (serial number 0080338) and the three rounds of .38 caliber special ammunition, which were a "firearm" and "ammunition" within the meaning of 18 U.S.C. § 922(g), had been manufactured outside the District of Columbia and, in order to reach the District of Columbia, had been shipped and transported from one state to another.  Defendant Hubbard previously had been convicted in both

the District of Columbia and in Virginia of a crime punishable by imprisonment for a term in excess of one year.

At the same time that Defendant Hubbard was walking in the 400 block of Sixteenth Street, N.E., officers of the Metropolitan Police Department were patrolling that area in marked scout cars. Officer Matthew Lefande was driving one scout car with Sergeant Gerald G. Neill, Jr., in the front passenger seat. Officer Robert Johnson, Jr. was driving a second scout car with Officer Lloyd Coward in the front passenger seat. The first scout car pulled up alongside Defendant Hubbard, and Sergeant Neill said to Defendant Hubbard, "What's up, Joe?" Defendant Hubbard immediately fled into an alley and through the courtyard of the Azee Bates Court Housing Complex, stopping in the rear of 1525 F Street, N.E. Sergeant Neill and Officer Coward pursued him. During a struggle that ensued, Sergeant Neill shot Defendant Hubbard. The Titan .38 caliber special revolver (serial number 0080338), loaded with three rounds of .38 caliber special ammunition, was recovered from the ground nearby after the shooting.

Notwithstanding the parties' agreement as to the foregoing facts, there remains a disputed fact that affects the advisory Guidelines calculations but does not affect the validity of the plea. Specifically, the Government and Defendant Hubbard disagree as to whether Defendant Hubbard assaulted Sergeant Neill in the course of the events set out above. The Government's evidence would show that as Sergeant Neill struggled with Defendant Hubbard, trying to force him to drop the gun, Defendant Hubbard pointed the gun in Sergeant Neill's direction and said, "I'm going to shoot you!" In addition, the Government's evidence would show that Defendant Hubbard head-butted Sergeant Neill during the struggle. Defendant Hubbard denies these allegations and, as he notes in his objection to the Presentence Investigation Report (PSR), the factual proffer in this case was carefully crafted to omit any mention of such conduct because Defendant was willing to admit

possessing the gun but not to assaulting Sergeant Neill. The Government will be prepared to present live testimony on this issue at the sentencing hearing.[1]

## ARGUMENT

On January 12, 2005, the United States Supreme Court held, in *United States v. Booker*, 125 S. Ct. 738 (2005), that certain applications of the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") violated the Sixth Amendment principles articulated in *Blakely v. Washington*, 542 U.S. 296 (2004) (holding that a mandatory state sentencing scheme under which a sentence is increased based on factual findings by a judge violates the right to a trial by jury). As a remedy, the Court invalidated the statutory provision that made the federal Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus making the Guidelines "effectively advisory." *Booker*, 125 S. Ct. at 746. But although the Guidelines are no longer mandatory, a district court must still "consult [the] Guidelines and take them into account when sentencing." *Id.* at 767 (citing 18 U.S.C. § 3553(a)(4) & (5)). "Under this new sentencing regime, a sentencing court is required 'to consider Guidelines ranges' applicable to the defendant, but is permitted 'to tailor the sentence in light of other statutory concerns as well.'" *United States v. Coumaris*, 399 F.3d 343, 351 (D.C. Cir. 2005) (quoting *Booker*, 125 S. Ct. at 757). Those other statutory concerns are expressed primarily at 18 U.S.C. § 3553(a). *Booker*, 125 S. Ct. at 757.

The sentencing factors enumerated in 18 U.S.C. § 3553 fall into three main categories: the nature of the offense, the needs of the public, and the history and characteristics of the defendant. *United States v. Ranum*, 353 F. Supp. 2d 984, 989 (E.D. Wis. 2005). The offense in this case is very serious. Defendant Hubbard has admitted that he carried a loaded handgun, concealed in his

---

[1]  The Government need prove facts relevant to sentencing only by a preponderance of the evidence. *See, e.g.*, *United States v. Vaughn*, 430 F.3d 518, 525 (2d Cir. 2005) (noting that "judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*") (internal quotation marks omitted).

waistband, on the streets of the District of Columbia. His conduct clearly presents a substantial danger to the citizens of this community. In addition, Defendant Hubbard has a significant criminal history. Indeed, he has spent a significant portion of his adult life incarcerated. In 1996, when he was nineteen years old, he was convicted of unauthorized use of a vehicle in the District of Columbia Superior Court and was incarcerated until the year 2000. PSR ¶ 27. In 2002, he was convicted of another violation of Section 922(g)(1) and of possession with intent to distribute cocaine. *Id.* ¶ 30. Defendant Hubbard possessed that gun while he was on pretrial release for the drug offense. *Id.* He was sentenced to 34 months and 37 months on the gun and drug offenses, respectively. *Id.* After completing his prison sentence, he did poorly on supervised release, testing positive for heroin and PCP only two days after his placement on release and failing to follow up with drug treatment. *Id.* In addition, Defendant Hubbard was convicted in 2004 of driving under the influence of drugs and possession of a controlled substance in Virginia. *Id.* ¶¶ 28-29. Moreover, Defendant Hubbard was convicted in 1994, at the age of 17, of conspiracy to commit robbery, and was sentenced to three years of probation under the Youth Rehabilitation Act. *Id.* ¶ 26. Defendant Hubbard's probation was revoked in 1996 without the benefit of the Youth Rehabilitation Act. *Id.* Because of its age, this first conviction was not considered in calculating Defendant Hubbard's criminal history category under the Guidelines. *Id.*[2/]

The nature of the offense, the needs of the public, and Defendant Hubbard's history and characteristics all suggest that a substantial sentence of incarceration within the Guidelines range would be reasonable. Such a sentence would reflect the seriousness of this offense, the community's

---

[2/]     In this case, Defendant Hubbard expressed his intention to plead guilty at a very early stage, a fact earned him a three-level decrease in his base offense level. The Government will address this issue in more detail at the sentencing hearing.

need for protection from the dangers posed by Defendant Hubbard's carrying a loaded gun on the streets of the District of Columbia, and Defendant Hubbard's very serious criminal history.

                                                    Respectfully submitted,

                                                    KENNETH L. WAINSTEIN
                                                    United States Attorney

BY: _____
                  JESSIE K. LIU
                  Assistant United States Attorney
                  D.C. Bar No. 472845
                  555 Fourth Street, N.W., Room 4649
                  Washington, D.C. 20530
                  (202) 514-7549

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing Government's Memorandum in Aid of Sentencing to be served by facsimile on counsel for Defendant:

        Shawn F. Moore
        Assistant Federal Public Defender
        Federal Public Defender's Office
        625 Indiana Avenue, N.W.
        Suite 550
        Washington, D.C. 20004
        Facsimile:    202-208-7515

this seventh day of April, 2006.

                                                    _____
                                                    JESSIE K. LIU
                                                    Assistant United States Attorney