UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Crim. No. 05-369 (JR) |
| NEHRON HUBBARD, | : |
| Defendant. | : |

FILED
APR 2 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Nehron Hubbard, hereby submit this Factual Proffer in Support of Guilty Plea. The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, 18 U.S.C. § 922(g)(1), each of which the Government must prove beyond a reasonable doubt, are:

1. That Defendant Hubbard knowingly possessed a firearm and ammunition;

2. That the firearm and ammunition had been shipped or transported from one state to another; and

3. That, at the time Defendant Hubbard possessed the firearm and ammunition, Defendant Hubbard had been convicted of an offense punishable by imprisonment for a term exceeding one year.

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on August 13, 2005, at approximately 9:30 p.m., Defendant Hubbard was walking in the 400 block of Sixteenth Street, N.E., in Washington, D.C., with a Titan .38 caliber special revolver (serial number 0080338), which was loaded with three rounds of .38 caliber special

ammunition, in his waistband. Defendant Hubbard knew that he was carrying the Titan .38 caliber special revolver (serial number 0080338) and the three rounds of .38 caliber special ammunition. The Titan .38 caliber special revolver (serial number 0080338) and the three rounds of .38 caliber special ammunition, which were a "firearm" and "ammunition" within the meaning of 18 U.S.C. § 922(g), had been manufactured outside the District of Columbia and, in order to reach the District of Columbia, had been shipped and transported from one state to another. Defendant Hubbard previously had been convicted in both the District of Columbia and in Virginia of a crime punishable by imprisonment for a term in excess of one year.

At the same time that Defendant Hubbard was walking in the 400 block of Sixteenth Street, N.E., officers of the Metropolitan Police Department were patrolling that area in marked scout cars. Officer Matthew Lefande was driving one scout car with Sergeant Gerald G. Neill, Jr., in the front passenger seat. Officer Robert Johnson, Jr. was driving a second scout car with Officer Lloyd Coward in the front passenger seat. The first scout car pulled up alongside Defendant Hubbard, and Sergeant Neill said to Defendant Hubbard, "What's up, Joe?" Defendant Hubbard immediately fled into an alley and through the courtyard of the Azee Bates Court Housing Complex, stopping in the rear of 1525 F Street, N.E. Sergeant Neill and Officer Coward pursued him. During a struggle that ensued, Sergeant Neill shot Defendant Hubbard. The Titan .38 caliber special revolver (serial number 0080338), loaded with three rounds of .38 caliber special ammunition, was recovered from the ground nearby after the shooting.

This factual proffer is a summary of Defendant Hubbard's participation in the offense of Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, and is not intended to be a complete accounting of

all facts and events related to the offense. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support Defendant Hubbard's guilty plea in this case.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

JESSIE K. LIU
Assistant United States Attorney
D.C. Bar No. 472845
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4649
Washington, D.C. 20530
202-514-7549

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Shawn F. Moore, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: April 25, 2006          _____
                              NEHRON HUBBARD
                              Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: April 25, 2006          _____
                              SHAWN F. MOORE, ESQUIRE
                              Attorney for Defendant